No. 10,340.

## SOVINE v. THE STATE.

CRIMINAL LAW.—*Affidavit.*—*Information.*—An affidavit filed as the basis of an information for larceny, in the Allen Criminal Court, in which it is stated that "said S. is now in the custody of the sheriff of Allen ——, and confined in the jail of said county," sufficiently shows that S., the defendant, is in custody of the sheriff of Allen county.

SAME.—*Larceny.—Amendments.—Supreme Court.*—An information for grand larceny which fails to aver that the acts charged were done " feloniously," is bad on motion to quash, and, though it might have been cured by amendment, the Supreme Court will not treat it as if the amendment had been made.

From the Allen Criminal Court.

*S. M. Hench,* for appellant.

*F. T. Hord,* Attorney General, *W. S. O'Rourke,* Prosecuting Attorney, and *J. Q. Stratton,* for the State.

NIBLACK, J.—This was a prosecution for grand larceny upon affidavit and information.

The affidavit, which was filed on the 23d day of April, 1881, charged Eugene Sovine with having, on the 8th day of November, 1880, at the county of Allen, and State of Indiana, feloniously stolen, taken and carried away certain United States Treasury notes, certain National Bank bills, and silver coin, of the aggregate value of $60, the personal property of one Julius Bueche. The affidavit further charged that the said Eugene Sovine was then "in the custody of the sheriff of Allen ——, in the State of Indiana, and confined in the jail of said county, on the charge of grand larceny," therein above set forth, and that, at no time since the said Eugene Sovine had been in custody on said charge, had the grand jury of Allen county aforesaid been in session, and that said grand jury was not then in session.

The information contained all the substantial averments of the affidavit except that it charged the defendant Sovine with having " unlawfully," instead of " feloniously," stolen, taken and carried away the money therein, as well as in the affidavit, described.

The defendant moved to quash both the affidavit and the information, urging as an objection to the affidavit that it did not aver that he was, at the time it was made, in the custody of the sheriff of *Allen county;* and as an objection to the information, that it did not allege that the money had been

"feloniously" stolen, taken and carried away, within the meaning of the statute defining the crime of grand larceny. Acts 1877, Reg. Sess., p. 63. His motion was, however, overruled, both as to the affidavit and information. A jury found the defendant guilty as charged, assessing a fine of $30 against him, and fixing his term of imprisonment at three years in the State's prison.

The act of March 29th, 1879, providing for the prosecution of felonies by affidavit and information, enacts that any one charged with a crime of that class may be so prosecuted :

"*First.* When any person is in custody on a charge of felony, and no grand jury is in session." Acts 1879, p. 143.

We think the affidavit, taking all its parts together, made it sufficiently apparent that the defendant was "in custody" on the particular charge of felony preferred against him, at the time it was filed, and that hence the court did not err in refusing to quash the affidavit. Independently of the defect relied upon by the defendant, the averment that he was "confined in the jail of said (Allen) county" on that charge was quite sufficient. *Davis* v. *State*, 69 Ind. 130.

In referring to that part of the indictment which is devoted to the description of the offence intended to be charged, Chitty on Criminal Law says : "There are certain terms which are usually inserted in the part of the indictment we are now examining, which mark out the color of the offence with precision, and which are absolutely necessary to determine the judgment. Thus every indictment for *treason* must contain the word ' traitorously'; every indictment for burglary, '*burglariously*'; and '*feloniously*' must be introduced in every indictment for felony, and these words are so essential, that if the word *feloniously* be omitted in an indictment for stealing a horse, it will be only a trespass, or a misdemeanor of which the defendant may be convicted under such indictment." 1 Chitty Crim. Law, 242.

If a misdemeanor be not included in the description of the felony charged, and the word "feloniously" be omitted, the

indictment is insufficient for any purpose, and must be so held whenever the question of its sufficiency is properly presented. Moore Crim. Law, section 167, and authorities there cited; 1 Bishop Crim. Procedure, section 534.

As to its material allegations, an information stands upon the same footing with an indictment, and must be tested by the same rules of criminal pleading when a question is made upon its sufficiency. *Lindsey* v. *State*, 72 Ind. 39.

An information may be amended so as to make it conform to the affidavit upon which it is based, and in this way radical defects in the information may be cured, where the offence is well charged in the affidavit; but where the sufficiency of the information is challenged it must be judged by what it contains, and not by what it might have been made to contain by some admissible amendment. Acts 1879, p. 144, sec. 3; R. S. 1881, sec. 1735.

Tested, therefore, by the statutory definition of the crime of grand larceny, as well as by the well recognized rules of criminal pleading, the information in this case charged no indictable offence of any kind, and, for that reason, the motion to quash it ought to have been sustained.

Counsel for the State argue that, as the defect in the information was one which might have been readily amended in the court below, we ought to regard the amendment as having been made, and to treat the information as having been sufficient upon demurrer.

There is a class of merely clerical mistakes, and of variances and discrepancies, usually developed at the trial of a cause, and not going to the merits of the action, and concerning which courts are accustomed to permit amendments without any serious question, which this court is in the habit of disregarding and treating as having been amended in the court below; but this liberality of construction does not extend to cases like this, where the information, being materially defective, was held good upon a motion to quash, and where the trial

afterwards proceeded without amendment. Buskirk's Practice, 337; *Keiser* v. *State*, 78 Ind. 430; *Dyer* v. *State, ante*, p. 525.

The court erred in refusing to quash the information, notwithstanding the sufficiency of the affidavit. *Davis* v. *State, supra.*

The judgment is reversed, and the cause remanded for further proceedings.

The clerk will give the proper notice for the return of the appellant to the sheriff of Allen county.