The ordinance mentioned in the warrant, has reference to and forbids such acts and conduct of persons, as are offensive and deleterious to society, particularly in dense populations, as in cities or towns, but do not per se constitute criminal offences, under the general law of the State. The suggestion that the acts and things forbidden constitute nuisances, is not well founded. They lack the element of having been done in the presence and hearing, and to the annoyance of divers persons, in, near to, and about the place where the offensive acts were done. The purpose of the ordinance is to promote good morals, the decencies and proprieties of society, and prevent nuisances and other criminal offences, that might result from the acts and conduct prohibited.
Obviously, the ordinance is adapted to the purpose for which it is intended. It tends reasonably to promote the peace, good order, and well-being of the city, and it was clearly within the power of the Aldermen to make it; certainly in so far as it does not prohibit a criminal offence under the general law of the State. They have such power conferred by the city charter, as well as by the general law of the State in respect to towns and cities.
(882) The action is not a civil one, brought to recover the penalty prescribed, but it is a criminal action, for the alleged violation of the ordinance referred to, which violation is made indictable by The Code, Sec. 3820, and of which, plainly, the mayor had jurisdiction. The Code, Sec. 3818, constitutes him an inferior Court within the municipality, makes him a conservator of the peace, and confers on *Page 735 
him the "jurisdiction of a justice of the peace, in all criminal mattersarising under the laws of the State; or under the ordinance of said city or town." A justice of the peace, and as well the mayor, has jurisdiction of a violation of a town ordinance, because it is a misdemeanor, and the punishment therefor cannot exceed a fine of fifty dollars, or imprisonment for thirty days. The Code, Secs. 3820, 892.
It has been expressly decided, that it is not necessary to set forth in the warrant, the ordinance alleged to have been violated. It is sufficient to refer to it by such indicia as points it out with reasonable certainty.State v. Merritt, 83 N.C. 679.
The warrant does not charge more than one offence. The acts charged to have been done, constitute a single violation of the ordinance referred to, as they were all done on the same occasion and were of the same nature. Nor does the warrant charge, nor do the facts found in the special verdict constitute a nuisance, as insisted by the defendant's counsel. It is not alleged, nor does it appear, that the boisterous cursing and swearing were in a public place, in the presence and hearing, and to the annoyance of divers persons thereabout.
Nor was it necessary to set forth in the warrant, the exact words used by the defendant. If he boisterously cursed and swore, no matter what were the precise words used, he was guilty. The words "boisterous cursing and swearing", have such distinctive signification, as necessarily implied a violation of the ordinance, and gave the defendant to understand with sufficient certainty, how he had violated it. The charge was simple and easily understood, without nice precision in making it. The Court could see that an offence was charged, and the defendant had sufficient notice and information (883) to enable him to make his defence.
There is no error. To the end that the judgment may be affirmed, and further proceedings in the action had according to law, let this opinion be certified to the Superior Court. It is so ordered.
No error. Affirmed.
Cited: S. v. Debnam, 98 N.C. 717; S. v. Smith, 103 N.C. 405; S. v.Warren, 113 N.C. 684, 685; S. v. Stevens, 114 N.C. 879; S. v. Horne,115 N.C. 740; S. v. Sherrard, 117 N.C. 719; S. v. Taylor, 133 N.C. 758; Paulv. Washington, 134 N.C. 386; S. v. Faulk, 154 N.C. 640; S. v. Moore,166 N.C. 372; S. v. Abernethy, 190 N.C. 771. *Page 736