THE STATE v. J. M. HORNE.

*Town Ordinance, Validity of—Profane Language.*

A town ordinance prohibiting "the use of profane language in the town" is invalid. It would be otherwise if it prohibited the use of such language as amounted to boisterous, or amounts to disorderly conduct, or a disturbance of the public peace. (*State* v. *Cainan*, 94 N. C., 880; *State* v. *Debnam*, 98 N. C., 712, and *State* v. *Warren*, 113 N. C., 683, distinguished.)

Indictment for violation of an ordinance of the town of Wadesboro, heard on appeal from a judgment of the mayor of said town, before *Brown, J.*, and a jury, at Fall Term, 1894, of ANSON Superior Court.

The jury, by consent, returned the following special verdict: "That the defendant J. M. Horne went to a livery-stable in said town to order his horse. That as he was standing on the sidewalk, in front of same, he swore once or twice (witness did not give exact language used, but used terms "cursed" or "swore"). That there was no one disturbed or within hearing except witness, and an ordinary tone of voice was used. That such swearing was not boisterous. The ordinance of the town is as follows, under head of 'Disorderly Conduct':

"'SECTION 1. No person shall use obscene or profane language in the town. Any person violating shall pay a fine of five dollars.'"

No obscene language was used. The defendant contended that as to "profane language" the ordinance was void. That the ordinance should have been directed against such language as tended to a breach of the peace or disorder. That under this ordinance a person might thoughtlessly use profane language in his private room, and it would come within the terms of this ordinance.

The Court being of opinion with the defendant, that the ordinance was too vague and indefinite, directed a verdict of not guilty, and the State appealed.

*The Attorney General*, for the State.
No counsel, *contra*.

CLARK, J.: In *State* v. *Cainan*, 94 N. C., 880, this Court held valid a town ordinance which forbade "loud and boisterous cursing and swearing in any street, house or elsewhere in the city." This ruling was followed and affirmed in *State* v. *Debnam*, 98 N. C., 712. These decisions are placed upon the ground that such conduct does not amount to a "nuisance" (because not in the presence and to the annoyance of divers persons), which would be punishable under the State's

jurisdiction, but is "disorderly conduct," which the town might well forbid and punish. In *State* v. *Warren,* 113 N. C., 683, this Court held constitutional an act forbidding the use of "profane language that disturbed the peace" in a certain locality. In the present case the ordinance simply forbids the "use of profane language in the town." It does not forbid it when "loud and boisterous," which would be disorderly conduct, as in the first two cases above cited, nor when it "disturbed the public peace," as in the last-named case. As the ordinance stands, it would make punishable profane language used, perhaps thoughtlessly, in the utmost privacy, when neither loud and boisterous nor calculated to disturb the peace. Indeed, the special verdict finds that the language used was not loud and boisterous, nor obscene, nor calculated to disturb the peace. We do not think the powers granted this corporation, upon a fair construction, were intended to confer jurisdiction to that extraordinary extent, and we must hold the ordinance invalid. We forbear to pass upon the question whether the Legislature could, if it chose, confer upon the town authority to pass such an ordinance, as the question is not before us.           No Error.