W. E. Burnett, a witness for the State, testified: "Defendant came to Agnes Cox's place and asked `Where is the professor?' (meaning witness). `Doesn't he board here?' She answered `Yes.' Defendant then said: `_________ him, his throat ought to be cut,' and kept cursing *Page 490 
three or four minutes; anybody going along the street could have heard him; it was in a loud manner. He also said I was a __________ __________ highway robber. Agnes Cox's place is a public restaurant. I was in the adjoining room."
Agnes Cox testified that the defendant came into her restaurant and cursed Burnett; she couldn't remember the words he said or how long he cursed. Witness said it was loud enough to have been heard on the street.
Jno. V. Sherrard, the defendant, testified: "I told Agnes to tell Burnett to pay the rent or he would have to get out. I was the collecting agent for the house which Burnett rented. I did say Burnett was a __________ highway robber, but never used the word `God,' said it in an ordinary tone, and could not have been heard outside. The doors and windows of the restaurant were shut; nobody was present except Agnes and a child."
The defendant requested the court to charge that if the defendant did not use the word "God," what he said was not profanity and the jury should find him not guilty. The court declined to give this instruction, the warrant charging the defendant not with profanity, but with disorderly conduct. Defendant excepted.
The court charged the jury that if they were satisfied beyond a reasonable doubt that the defendant used the language as (718) testified to by the witness Burnett, in a public restaurant, in a violent and abusive manner, and in a voice so loud that it could have been heard on the street, the defendant was guilty, and that he would be guilty if he uttered a profane expression but a single time, provided it was uttered in the manner just described.
But if what the defendant said and the manner in which he said it were as testified to by him, he was not guilty.
The defendant excepted to that part of the charge in regard to using a single profane expression. Verdict of guilty.
Defendant moved in arrest of judgment on the grounds that the ordinance is unconstitutional and that the warrant does not charge a criminal offense.
Motion denied; exception. The court fined the defendant a penny, and from this judgment the defendant appealed.
The defendant was tried for breach of the following city ordinance: "Sec: 2. That all disorderly conduct . . . within *Page 491 
the city limits shall subject the offender to a fine of $10 for each offense. Sec. 3. That if any person shall commit a breach of the peace or engage in any riotous or disorderly conduct within the limits of the city, he shall pay a fine of $50: Provided, that this section shall not be construed to relieve the Mayor from the duty of binding over the offender, according to law, if the offense is one properly triable before a higher court."
The ordinances are valid under the ruling in several cases that the town may forbid by ordinance "disorderly conduct" which from the evidence did not amount to an indictable nuisance or (719) other offense forbidden by the general law of the State. S. v.Cainan, 94 N.C. 880; S. v. Debnam, 98 N.C. 712; S. v. Warren,113 N.C. 683; S. v. Horne, 115 N.C. 739. Disorderly conduct per se is not forbidden by the general State law There are acts amounting to disorderly conduct which come under the ban of the general law, and there are other acts not amounting to criminal offenses against the State which would also be disorderly conduct. To this latter class of cases do the city ordinances against disorderly conduct apply.
In S. v. Cainan, supra, Merrimon, J., says of a somewhat similar ordinance: "The ordinance has reference to and forbids such acts and conduct of persons as are offensive and deleterious to society, particularly in dense populations, as in cities or towns, but which do notper se constitute criminal offenses under the general law of the State." The same is repeated and elaborated in S. v. Debnam. The court told the jury that if they were satisfied beyond a reasonable doubt that the defendant used the language testified to by the witness Burnett (the only witness for the State as to the language used), in a public restaurant, in a violent and abusive manner and in a voice so loud that it could have been heard on the street, the defendant was guilty, and that it made no difference if he uttered a profane expression but a single time, provided it was uttered in the manner described. This brings th [the] present case so exactly under the ruling in S. v. Debnam and S. v.Cainan, supra, the facts in those cases being very similar to those in this, that no further discussion is needed. His Honor charged that if the facts were as testified to by the defendant he was not guilty. Both the prosecuting witness and the defendant testified that (720) the latter called the witness a "damned highway robber." His Honor correctly held that this and the other language testified to by Burnett, if used in the loud and boisterous manner he stated, would make the defendant guilty. Such conduct is not amenable to the State law, for the language was not so repeated and so public as to become a nuisance to the public. S. v. Jones, 31 N.C. 38. It was properly *Page 492 
cognizable only under the town ordinance. Such conduct as that testified to by the prosecuting witness is not prohibited by the general State law, yet it would, if it could not be punished by the city ordinance, become a serious annoyance to the public passing along the streets, hearing such loud boisterous and unseemly language and threats of violence.
No error.
Cited: S. v. Moore, 166 N.C. 372.
(721)