STATE *v.* SHERRARD.

STATE v. JOHN V. SHERRARD.

*City Ordinance—Disorderly Conduct—Profane Language.*

1. City ordinances are valid which forbid "disorderly conduct" not amounting to an indictable nuisance or other offence forbidden by the general law of the State.

STATE *v.* SHERRARD.

2. To call one a "damned highway robber," in a public restaurant, in a voice so loud as to be heard on the street, is properly punishable under a city ordinance prohibiting disorderly conduct.

CRIMINAL ACTION for violation of an ordinance of the town of Goldsboro, tried on appeal from a judgment of the mayor, before *Starbuck, Judge,* and a jury, at the April Term of WAYNE Superior Court: W. E. Burnett, a witness for the State, testified : "Defendant came to Agnes Cox's place and asked 'Where is the Professor' (meaning witness) 'doesn't he board here?' She answered yes. Defendant then said '————him, his throat ought to be cut,' and kept cursing three or four minutes; anybody going along the street could have heard him ; it was in a loud manner. He also said I was a————highway robber. Agnes Cox's place is a public restaurant. I was in the adjoining room."

Agnes Cox testified that the defendant came into her restaurant and cursed Burnett; she couldn't remember the words he said or how long he cursed. Witness said it was loud enough to have been heard on the street.

Jno. V. Sherrard, the defendant, testified : "I told Agnes to tell Burnett to pay the rent or he would have to get out. I was the collecting agent for a house which Burnett rented. I did say Burnett was a————highway robber, but never used the word 'God', said it in an ordinary tone and could not have been heard outside. The doors and windows of the restaurant were shut; nobody was present except Agnes and a child."

The defendant requested the court to charge that if the defendant did not use the word "God," what he said was not profanity and the jury should find him not guilty. The court declined to give this instruction, the warrant charging the defendant not with profanity but with disorderly conduct. Defendant excepted.

The court charged the jury that if they were satisfied beyond a reasonable doubt that the defendant used the language, as testified to by the witness Burnett, in a public restaurant, in a violent and abusive manner, and in a voice so loud that it could have been heard on the street, the defendant was guilty, and that he would be guilty if he uttered a profane expression but a single time, provided it was uttered in the manner just described.

But if what the defendant said and the manner in which he said it was as testified to by him, he was not guilty.

The defendant excepted to that part of the charge in regard to using a single profane expression. Verdict of guilty.

Defendant moved in arrest of judgment on the grounds that the ordinance is unconstitutional and that the warrant does not charge a criminal offence.

Motion denied ; exception. The court fined the defendant a penny and from this judgment the defendant appealed.

*The Attorney General*, for the State.
*Mr. T. R. Purnell*, for defendant (appellant).

CLARK, J. : The defendant was tried for breach of the following city ordinance : "Sec. 2. That all disorderly conduct___within the city limits shall subject the offender to a fine of $10 for each offence." "Sec. 3. That if any person shall commit a breach of the peace or engage in any riotous or disorderly conduct within the limits of the city he shall pay a fine of $50 ; *provided*, that this section shall not be construed to relieve the Mayor from the duty of binding over the offender, according to law, if the offence is one properly triable before a higher court."

The ordinances are valid under the ruling in several

cases that the town may forbid· by ordinance "disorderly
conduct" which from the evidence did not amount to an
indictable nuisance or other offence forbidden by the gen-
eral law of the State. *State* v. *Cainan,* 94 N. C., 8 80;
*State* v. *Debnam,* 98 N. C.,· 712; *State* v. *Warren,* 113
N. C., 683; *State* v. *Horne,* 115 N. C., 739. Disorderly
conduct *per se* is not forbidden by the general State law.
There are acts amounting to disorderly conduct which
come under the ban of the general law and there are other
acts not amounting to criminal offences against the State
which would also be disorderly conduct. To this latter
class of cases do the city ordinances against disorderly con-
duct apply.

In *State* v. *Cainan, supra,* MERRIMON, J., says of a some-
what similar ordinance : "The ordinance has reference to
and forbids such acts and conduct of persons as are offen-
sive and deleterious to society, particularly in dense pop-
ulations, as in cities or towns, but which do not *per se* con-
stitute criminal offences under the general law of the State."
The same is repeated and elaborated in *State* v. *Debnam.*
The court told the jury that if they were satisfied beyond
a reasonable doubt that the defendant used the language
testified to by the witness Burnett (the only witness for
the State as to the language used) in a public restaurant
in a violent and abusive manner and in a voice so loud
that it could have been heard on the street, the defendant
was guilty and that it made no difference if he uttered a
profane expression but a single time provided it was
uttered in the manner described. This brings the present
case so exactly under the ruling in *State* v. *Debnam* and
*State* v. *Cainan, supra,* the facts in those cases being very
similar to those in this, that no further discussion is
needed. His Honor charged that, if the facts were as
testified to by the defendant, he was not guilty.· Both

the prosecuting witness and the defendant testified that the latter called the witness "a damned highway robber." His Honor correctly held that this and the other language testified to by Burnett, if used in the loud and boisterous manner he stated, would make the defendant guilty. Such conduct is not amenable to the State law, for the language was not so repeated and so public as to become a nuisance to the public. *State* v. *Jones*, 31 N. C., 38. It was not properly cognizable only under the town ordinance. Such conduct as that testified to by the prosecuting witness is not prohibited by the general State law, yet it would, if it could not be punished by the city ordinance, become a serious annoyance to the public passing along the streets hearing such loud, boisterous and unseemly language and threats of violence.

No Error.