STATE OF MISSISSIPPI *v.* JOHN WESLEY SHANKS.

### [40 South. Rep., 1005.]

CRIMINAL LAW.   *Blasphemy.   Indictment.   Code* 1892, § 1219.

> An indictment for blasphemy, under Code 1892, § 1219, making it a
> misdemeanor to profanely swear or curse in a public place, is
> demurrable if it fail to designate the particular public place
> where defendant profanely swore or cursed.

FROM the circuit court of Pearl River county.

HON. WILLIAM H. HARDY, Judge.

The appellee, Shanks, was indicted for profanely swearing in
a public place, under Code 1892, § 1219, but the indictment did
not specify or designate any particular place at which it was
averred he swore or cursed.   Shanks demurred to the indictment,
the trial court sustained the demurrer and dismissed the prosecu-
tion, and the state appealed to the supreme court.

*R. V. Fletcher,* assistant attorney-general, for appellant.

Appellant was indicted under Code 1892, § 1219, for using
profane language in a public place, etc.   The indictment does
not set out the nature of the public place, and does not describe
the same further than to allege that the offense was committed in
a public place.   The court sustained a demurrer to the indict-
ment, and the state appeals.

The authorities are somewhat conflicting on this proposition.
In support of the state's contention may be cited *Roquemore* v.
*State,* 19 Ala., 528; *Folke* v. *State,* 19 Ala., 551.

However, these cases rest on the presumption that it is suffi-
cient to charge the offense there under review in the precise lan-
guage of the statute.   Our court has already decided that indict-
ments under this particular statute must be broader than the

statute, in at least one particular. *Walton* v. *State,* 64 Miss., 207 (s.c., 8 South. Rep., 171).

There are authorities, it must be admitted, adverse to the state's contention in this matter. See Bishop's Statutory Crimes, 903, and authorities there cited, especially as directly in point, *State* v. *Jargins,* 31 Texas, 588; *State* v. *Fuller,* 31 Texas, 559; *Millican* v. *State,* 25 Texas, 664; *State* v. *Barns,* 25 Texas, 654.

These Texas cases give as a reason for the rule that the defendant is entitled to know just which public place is referred to in order that the particular offense may be identified.

Another adverse authority is 7 Ency. Pl. & Pr., 230, *et seq.* See among the cases cited, *State* v. *Welch,* 88 Ind., 308. The question is respectfully submitted to the court.

*Napier & Huddleston,* for appellee.

It is a fundamental elementary principle of criminal pleadings that the indictment should be so definite as to inform the accused what particular crime he is called upon to defend.

This is requisite for two reasons: First, that he may prepare his defense; second, that he may afterwards interpose a plea of *autrefois acquit* or *autrefois convict,* as the case may be, to any subsequent prosecution.

We submit in all conscience that the indictment at bar is fatally defective in this, and that the lower court did right in sustaining the demurrer. Constitution 1890, sec. 26; *Noonan* v. *State,* 1 Smed. & M., 562; *Murphy* v. *State,* 24 Miss., 590; *Girard* v. *State,* 25 Miss., 469; *Riggs* v. *State,* 26 Miss., 51; *Norris* v. *Slate,* 33 Miss., 373; *Necome* v. *State,* 37 Miss., 383; *Williams* v. *State,* 42 Miss., 328; *Riley* v. *State,* 43 Miss., 379; *Thompson* v. *State,* 51 Miss., 353.

MAYES, J., delivered the opinion of the court.

Shanks was indicted under Code 1892, § 1219, and the indictment charged that he did "unlawfully, willfully, and profanely

curse and swear in a public place," setting out the profane language used, "contrary to the form of the statute in such cases made and provided," etc. A demurrer was interposed by Shanks to the indictment on the ground that the indictment should have stated the particular public place where he did the cursing and swearing. The court sustained the demurrer, and the state appeals.

We think that the court's action was correct. The indictment should not only have alleged that Shanks profanely cursed and swore in a public place, but it should also have stated what public place. It is not sufficient simply to state that it was done "in a public place," without stating the particular place. In order to properly defend, it was necessary for the defendant to know in what place he was accused of violating the law.

*Affirmed.*