WILLIAM O. FILES v. STATE OF MISSISSIPPI.

[50 South. 979.]

CRIMINAL LAW AND PROCEDURE. *Profanity. Public place. Code* 1906, § 1295. *Sufficiency of indictment.*

An affidavit or indictment for profanity, under Code 1906, § 1295, making it a misdemeanor to profanely swear or curse in a public place, is demurrable if it charge that the profane words were uttered in a designated municipality, without other specification of the place.

FROM the circuit court of Itawamba county.

HON. JOHN H. MITCHELL, Judge.

Files, appellant, was convicted before a justice of the peace of using profane language in a public place, appealed to the circuit court; defendant's demurrer to the affidavit was overruled by the circuit court and he was there tried *de novo,* convicted, fined, and appealed to the supreme court.

The affidavit, omitting its former parts, charged that the defendant on a designated day, "in said district and county did unlawfully and wilfully curse, using the words "damn liar," at Mantachie, a public place, in the presence of two or more persons, against the peace and dignity of the state of Mississippi."

*Anderson & Long,* for appellant.

The affidavit in this case was manifestly drawn under Code 1906, § 1295, which provides that "if any person shall profanely swear, or curse or be drunk in any public place, in the presence of two or more persons, he shall, on conviction thereof, be fined not more than ten dollars for each offense."

An indictment under the statute should not only set forth that the profanity was indulged in a public place, but it should also describe the place, showing it to be a public place in the sense intended by the statute. The particular place must be named or described with reasonable certainty. Appellant was entitled, under our state constitution, to have the affidavit describe exactly where in Mantachie the profanity was uttered, so that the court below could determine whether it was a public place. *State v. Shanks,* 88 Miss. 410. It is true that the affidavit recites that Mantachie is a public place. But this is not sufficiently definite. The court may take judicial cognizance that Mantachie is an incorporated town in Itawamba county, but the average town covers a very large area.

In *State v. Shanks, supra,* the indictment alleged that Shanks used profane language in the presence of two or more persons in Pearl River county in a public place. If, as held by this court, such indictment was defective, it must follow that the affidavit in the present case is also defective in failing to designate the particular public place where appellant used the alleged profane language.

*George Butler,* assistant attorney-general, for appellee.

Opposing counsel insist that appellant's demurrer to the affidavit should have been sustained, for the reason that it failed

to designate with sufficient certainty the place of the cursing, reliance being placed by them on *State v. Shanks,* 88 Miss. 410. It appears, however, that the affidavit in this case goes further in its allegation, and is more specific, than the indictment condemned by this court in the case cited.

It would certainly have been sufficient if the affidavit against appellant had alleged that the cursing occurred on the main street of Mantachie, or any other designated spot in said town. The affidavit is sufficiently certain and definite to enable appellant to interpose plea of former jeopardy in any subsequent trial. *Brown v. State,* 81 Miss. 137.

SMITH, J., delivered the opinion of the court.

The demurrer interposed to the affidavit in the court below should have been sustained, for the reason that the affidavit failed to designate the particular public place where the defendant used the alleged profane language. *State v. Shanks,* 88 Miss. 410, 40 South. 1005.

*Reversed and remanded.*