STATE v. BESSIE MOORE.

(Filed 6 May, 1914.)

**Criminal Law—Municipal Corporations—Disorderly Conduct—Cursing—Ordinances—Statutes.**

Disorderly conduct is a minor offense, not known to the common law, and a person so offending is not indictable except under a statute or authoritative ordinance of a municipality; and where a person is indicted, under the provisions of an ordinance, for cursing on the streets of a town, loud enough to be heard by those passing by and in a disorderly manner, a conviction may not be sustained when it is shown that the cursing was only heard by the policeman making the arrest, though there were others standing near, and was done in a low tone of voice which could not have disturbed any one; and a motion for a nonsuit upon the evidence was properly sustained. Ch. 73, Laws 1913.

APPEAL by defendant from *Harding, J.,* at February Term, 1914, of ROWAN.

The defendant was charged with the violation of "an ordinance of the town of Spencer, ch. 12, sec. 2, in that she did curse on the streets, loud enough to be heard by those passing by, in a disorderly manner, and on the streets of the town." The proof was that she had been arrested for violating an ordinance and given a bond for her appearance to answer the charge. Just as she stepped into her buggy, she was cautioned by the policeman, who had arrested her, as it appears, not to drive through the town, and replied to him that she would drive "where she damned please." The policeman testified that no one heard it except himself, and the other evidence was to the effect that it was not heard by any bystander or any passerby, and was uttered, necessarily, in an ordinary if not in an undertone. It did not appear to have disturbed any one, although there were bystanders as near as 8 or 10 feet from her at the time. Defendant was convicted by the magistrate and appealed, and was again convicted, after moving, under Laws 1913, ch. 73, to dismiss the proceeding and reserving her exceptions. She appealed from the judgment upon the last conviction to this Court.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Jerome & Price and W. C. Coughenour for defendant.*

WALKER, J., after stating the case: We will not venture to enter upon any casuistical discussion of the question whether the word "damn" is profanity or not, as our decision of the case does not require it. The speech of the defendant was not nice or refined, but this does not, of itself, render it criminal. Disorderly conduct is a species of nuisance, and it may be a violation of the ordinance without necessarily being indictable at common law (*S. v. Sherrard,* 117 N. C., 716), as it is a minor offense, below the grade of a misdemeanor, and not known to the law as a separate and distinct crime, except as made so by statute or municipal ordinance. Conduct can hardly be described as disorderly unless it tends in some degree to disturb the peace or good order of the town, or has a vicious or injurious tendency. As said in *S. v. Sherrard, supra:* "The ordinance has reference to and forbids such acts and conduct of persons as are offensive and deleterious to society, particularly in dense populations, as in cities or towns, but which do not *per se* constitute criminal offenses under the general law of the State," citing, among other cases, *S. v. Cainan,* 94 N. C., 880 ; *S. v. Debnam,* 98 N. C., 712. The object of ordinances, as stated by *Nash, J., in Town of Washington v. Frank & John,* 46 N. C., at p. 440, is "to call into existence such laws and regulations of conduct as may be thought by the corporators to be required by their several situations and necessities, different provisions being required in different localities"; but we do not think it was contemplated by the municipal authorities of Spencer that the offense described in the evidence should be punishable. It is clearly not within the provision of the ordinance; nor was the good order and peace of the community interrupted by defendant's acts or conduct. It was merely a strong, intensive, and perhaps vehement way of expressing her displeasure, when irritated by what had just happened. The ordinance is not set out in the case, but gathering its provisions from the recitals in the affidavit and warrant, the charge as therein made was not sus-

tained by the evidence, as there was a clear failure of proof, and the conduct of defendant was not within the letter or spirit of the ordinance. *City of Jacksonville v. Headen,* 48 Ill. App., 60.

The defendant expressed her displeasure, or futile indignation, a little too strongly, and should not have used so indecorous an ·expletive in doing so, but it did not reach beyond the ears of the policeman, and hardly made a ripple on the placid surface of municipal peace. The evidence did not correspond with the allegation, nor tend to support it, nor was there a breach of the ordinance, as it is set forth in the affidavit. The court should have granted the motion, under Laws 1913, ch. 73, to dismiss the proceeding, and such a judgment will be entered below and shall have the effect of a verdict of acquittal, as provided by the act of Assembly.

Reversed.