## STATE v. THOMAS MYRICK.

### (Filed 15 June, 1932.)

**Criminal Law I k—Verdict of guilty of disorderly conduct but not of drunkenness will not support conviction for drunken and disorderly conduct.**

> Where in a prosecution under 3 C. S., 4457(a), making it a misdemeanor for "any person to be drunk and disorderly in any public place. . . ." the jury returns a verdict of guilty of disorderly conduct but not guilty of being intoxicated: *Held,* the statute contemplates a pronouncement against a person who is both drunk and disorderly, and the defendant is entitled to be discharged.

APPEAL by defendant from *Moore, J.,* at December Term, 1931, of BURKE.

Criminal prosecution tried upon a magistrate's warrant charging the defendant with being drunk and disorderly on a public road in violation of 3 C. S., 4457(a).

Verdict: "Guilty of disorderly conduct on a public road, but not guilty of being intoxicated."

Judgment: "That the defendant pay a fine of $50 and the costs and be confined in the common jail of Burke County for 30 days and give a bond with sureties in the sum of $250 to keep the peace."

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*S. J. Ervin and S. J. Ervin, Jr., for defendant.*

STACY, C. J. The defendant is indicted under 3 C. S., 4457(a), which makes it a misdemeanor for "any person to be drunk and disorderly in any public place or on any public road or street," and provides that upon conviction the accused shall be fined not exceeding $50 or imprisoned not exceeding 30 days in the discretion of the court.

It is conceded by the Attorney-General that the case should be remanded for proper judgment, the sentence being excessive under the statute (*S. v. Taylor,* 124 N. C., 803, 32 S. E., 548), unless the verdict amounts to an acquittal.

The case is not like *S. v. Barbee,* 197 N. C., 248, 148 S. E., 249, or *S. v. Shew,* 194 N. C., 690, 140 S. E., 621, where the verdict was defective or insufficient and a *venire de novo* was ordered, for here the jury specifically finds the defendant not guilty of being drunk, and it would seem that the statute only contemplates a pronouncement against

a person who is both drunk and disorderly in a public place, road or street. Drunkenness may be a species of disorderliness, but disorderliness is not necessarily drunkenness. We are, therefore, constrained to hold that on the record, as presented, the defendant is entitled to be discharged. *S. v. Mull,* 193 N. C., 668, 137 S. E., 866.

We are not called upon to say whether the defendant could be held for an indictable nuisance or other offense forbidden by the general law of the State. *S. v. Sherrard,* 117 N. C., 716, 23 S. E., 157.

Nor are we presently under the necessity of deciding when, as a matter of law, a person may be said to be drunk. In other days, Dean Mordecai was wont to give his students the following definition:

> Not drunk is he who from the floor
>   Can rise again or drink once more:
> But drunk is he who prostrate lies
>   And cannot either drink or rise!

But the word, we apprehend, is used in the statute in a freer or more liberal sense. *S. v. McNinch,* 87 N. C., 567; *S. v. McDaniel,* 115 Ore., 187, 237 Pac., 373; Law Notes, September, 1931, page 112.

Reversed.