## STATE v. BRANTLEY MOORE.

(Filed 10 December, 1941.)

**Bastards § 3—**

A warrant which fails to allege that defendant's failure or refusal to support his illegitimate child was willful does not charge the offense defined by ch. 228, Public Laws 1933, and cannot support a conviction.

MALLARD *v.* BOHANNON.

APPEAL by defendant from *Parker, J.,* at April Term, 1941, of COLUMBUS. Error and remanded.

The defendant was charged with violation of ch. 228, Public Laws 1933, as amended, relating to the support of illegitimate children. The amended warrant charged that he "failed, refused and neglected to support and maintain said bastard child." Upon adverse verdict the defendant was sentenced to six months in jail. He appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State, appellee.*
*Clayton C. Holmes for defendant, appellant.*

PER CURIAM. The warrant in this case, as it appears in the record, is in substantially the same form as that considered by this Court in *S. v. Clarke, ante,* 392. It fails to allege that the neglect or refusal to support the illegitimate child was willful. Apparently the careful judge who presided over the trial of this case understood that the word "willful" had been by amendment in apt time inserted in the warrant, as he correctly charged the jury in that view. However, on the record before us the omission was not supplied. Hence, under authority of *S. v. Clarke, supra,* the warrant must be held insufficient to support the judgment.

Error and remanded.