# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

BARBARA LEWIS v. COMMONWEALTH OF VIRGINIA.

June 6, 1945.

Record No. 2966.

Present, All the Justices.

The opinion states the case.

*Hill, Martin & Robinson* and *W. S. Diuguid,* for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *V. P. Randolph, Jr., Assistant Attorney General,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

On the 24th day of August, 1944, the defendant, Barbara Lewis, was tried before the trial justice of Nelson county upon a warrant which charged that she "did on the 20th day of August, 1944, unlawfully be disorderly on the bus operated through Nelson county, Virginia, and commit an assault on one J. F. Gardner." The trial justice, J. B. Massie, entered this judgment against her: "Upon the examination of the within charge, I find the accused guilty and impose a fine of $50.00 and costs." From this judgment the defendant appealed to the Circuit Court of Nelson county.

Upon a plea of not guilty, issue was joined and there was a trial by a jury. After introduction of evidence upon the part of the Commonwealth and the defendant, the court, upon motion of the attorney for the Commonwealth, gave to the jury the following instructions:

"A. The Court instructs the jury that the warrant in this case contains two charges, and that the jury should render separate verdicts on each charge.

"B. The Court instructs the jury that disorderly conduct constitutes a crime and as such is punishable as a misdemeanor. The jury are, therefore, instructed that if they believe from the evidence, beyond a reasonable doubt, that the accused was, at the time alleged in the warrant, guilty of disorderly conduct in Nelson County, Virginia, they should so find and fix her punishment at a fine of not more than $500.00 or confinement in jail for not exceeding twelve months, or both."

The verdicts returned by the jury are as follows:

"We, the jury, find the accused, Barbara Lewis, guilty as charged in this case, disorderly conduct, and fix her punishment at sixty (60) days in jail and fifty dollars ($50.00) fine.

(Signed)   D. R. Stratton, *Foreman.*"

"We, the jury, find the accused, Barbara Lewis, guilty of common assault as charged in the warrant and fix her punishment at four months in jail and one hundred and fifty dollars fine ($150.00).

(Signed)   D. R. Stratton, *Foreman.*"

The motion to set aside the verdicts was overruled and judgment was entered thereon.

There is no contention upon the part of defendant that the evidence would not justify a verdict of guilty upon a proper charge of assault, if set forth in a legal warrant.

The defendant assigns as error the refusal of the trial court to set aside the verdict of the jury convicting her of disorderly conduct "on the bus."

It is the contention of defendant that disorderly conduct

"on a bus" is not a crime either at common law or under the provision of section 4533 of Michie's Code.

The contention that disorderly conduct is not a common law crime is well founded.

While it is true that the common law obtains in Virginia unless modified by statute, it is also true that unless disorderly conduct was a crime at common law, it is not a crime in Virginia unless made so by ordinance or by statute.

In Encyclopedia Criminal Law, vol. 3, par. 1319, we read:

"Disorderly conduct—As a crime. Disorderly conduct is not, *eo nomine*, an offense at common law, and hence is not punishable as a separate and distinct crime unless made so by statute or ordinance, * * ." See *Mt. Sterling* v. *Holly*, 108 Ky. 621, 57 S. W. 491; *State* v. *Moore*, 166 N. C. 371, 81 S. E. 693; *State* v. *Sherrard*, 117 N. C. 716, 23 S. E. 157.

In 18 Corpus Juris, page 1216, the rule is thus stated:

"Disorderly conduct is a statutory offense. The statutes now in force in England providing for the arrest and punishment of persons charged with idleness, disorderly conduct, vagrancy, etc., are the statute of 5 George IV, c. 83, passed in 1824, and the amendatory acts of land, 2 Victoria, c. 38, 31 and 32 Victoria, c. 52, and 32 and 33 Victoria, c. 99. *Stoutenburgh* v. *Frazier*, 16 App. D. C. 229, 236, 48 L. R. A. 220."

In 27 Corpus Juris Secundum, sec. 1, p. 277, it is said: "At common law there was no offense known as 'disorderly conduct.' "

Since it is patent that defendant was not guilty of a common law offense, the question then is, was she guilty of a violation of section 4533 of Michie's Code?

The pertinent part of the section is as follows:

"If any person, whether a passenger or not, shall, while in any car, or caboose, or on any part of a train carrying passengers or employees of any railroad or street passenger railway, behave in a riotous or disorderly manner, he shall be guilty of a misdemeanor."

At the time of the enactment of the statute by the

Legislature in ·its session of 1899-1900, the common carrier known as a bus had not come into existence. The fact that, during the period of years following, the statute .has not been amended so as to include disorderly conduct on a bus, is no concern of the court. The province of the court is to interpret the law, not enact it. The statute is. perfectly plain and only provides for penalties for being disorderly on "any car" or "caboose," or on any part of a "train" or "street railway."

It is urged upon us by the assistant· attorney general that the question involved is concluded by the ruling of this court in *Byrd* v. *Commonwealth*, 158 Va. 897, 164 S. E. 400. That case was not dealing with a question of disorderly conduct, but had reference to the common law offense of a breach of the peace.

Since section 4533 of the Code is a penal statute, it must be construed strictly in favor of defendant. *Young* v. *Commonwealth*, 155 Va. 1152, 156 S. E. 565. To read into the statute something not· contemplated by the Legislature would be to contravene the universal rule which is succinctly stated in 25 Ruling Case Law, sec. 218, as follows:

"Courts 'cannot read into a statute something that is not within the manifest intention of the Legislature as gathered from the statute itself. To depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret.'" See *McKay* v. *Commonwealth*, 137 Va. 826, 120 S. E. 138.

The action of the court in giving instruction B, *supra*, was erroneous and the action of the court in refusing to set aside the verdict of the jury finding the defendant guilty of disorderly conduct constitutes reversible error.

The action of the court refusing to set aside the verdict of the jury which found the defendant guilty of common assault, is assigned as error.

Under the provisions of sections 4989 and 4990, appeals from convictions in a justice's court are to be tried *de novo*, without any formality in pleading, and with full power in the circuit court to amend the warrants in any particular;.

or, when the warrant is so defective in form that the offense charged is uncertain, the judge may issue under his own hand his warrant reciting the offense charged against the defendant.

While it is true that under the provisions of sections 4989 and 4990, the court was empowered to issue one or more warrants against accused, this power the court did not see fit to exercise. The court being of the erroneous view that disorderly conduct on a bus was a separate crime, instructed the jury to try the defendant upon two distinct and unrelated charges. If the conduct of the defendant is to be considered as applicable only to the charge of assault on the ground that it is all a part of the *res gestae*, then it is unquestionably true that it was error to allow the Commonwealth to introduce evidence on the question of disorderly conduct. It is plainly inferable that the introduction of this evidence caused the jury to magnify the nature of the assault charge. It also follows that the action of the court in trying the defendant upon a separate charge which in law did not amount to a crime, was highly prejudicial.

Under all the circumstances as they are displayed in the record, we are unable to conclude that the trial of defendant upon the charge of assault measures up to the standard of a fair and impartial trial.

The verdict of the jury finding the defendant guilty of disorderly conduct will be cancelled and annulled and the defendant discharged from further prosecution on the charge of disorderly conduct.

The judgment of the court entered upon the verdict of the jury, finding the defendant guilty of common assault, will be reversed and the case will be remanded for a new trial upon that issue.

*Reversed and remanded.*

HOLT, J., dissenting.

The defendant in this case was arrested by a warrant charging disorderly conduct and assault. The judgment of

the justice is not in the record, but, as I recall, it was a general judgment of guilty. On appeal the court in instruction No. 3 told the jury:

"The court instructs the jury that the warrant in this case contains two charges, and that the jury should render separate verdicts on each charge."

Whereupon the jury returned this verdict:

"We the jury find the accused, Barbara Lewis, guilty of disorderly conduct as charged in the warrant and fix her punishment at (60) sixty days in jail and ($50.00) fifty dollars fine.

Signed D. R. Stratton, Foreman,
and

"We the jury find the accused, Barbara Lewis, guilty of common assault as charged in the warrant and fix her punishment at four months in jail and ($150.00) One Hundred and Fifty Dollars fine.

Signed D. R. Stratton, Foreman."

Conceding for the sake of argument that disorderly conduct of a passenger in a bus is not a misdemeanor in Virginia, it is plain that Barbara Lewis did make an assault upon the bus driver. A jury has found her guilty of that offense. The evidence is ample to sustain its finding.

The plaintiff, a colored woman, occupied the third seat from the rear of the bus. Two white people came aboard. The conductor asked her to move to one of the two rear seats that these white people might be seated. This she declined to do. A colloquy then ensued, in the course of which she said: "They (these two white people) ain't a damn bit better than I am." It culminated in an assault, preceded by this observation addressed to the bus driver: "You dumb son of a bitch."

Evidence of her conduct preceding the assault is inseparably connected with it. Plainly the preceding conduct of one who has murdered another may be shown. And for the same reason that preceding an assault may be shown. To say without more that A struck B would be to leave a jury to guess where blame rested.

The bus driver, in the proper discharge of his duties and in a proper manner sought to rearrange the seating of these passengers. Evidence which went to show this is a part of the *res gestae*. It should properly have been admitted had there never been a charge of disorderly conduct.

There is no force in the suggestion that the penalty of assault was augmented because there was also evidence of disorder. Most assaults are so preceded. If I were to hazard a guess, it is probable that had the charge of disorder been withdrawn, the jury would have added its penalty to the penalty assessed for assault; and certainly the plaintiff cannot object because the penalty for disorder has been set aside.

When the court told the jury that if the evidence tendered on behalf of the Commonwealth plainly sustained the charge of assault it was plainly right. And it was still right though in error it also told the jury they should find the defendant guilty of disorderly conduct if there was evidence to that effect. This error the court has corrected and she cannot complain.

HUDGINS and GREGORY, JJ., concur in this dissent.