### STATE v. EVELLA THORNE.

(Filed 14 October, 1953.)

**1. Indictment and Warrant § 9—**

An indictment or other accusation must inform the court and the accused with certainty as to the exact crime the accused is alleged to have committed.

**2. Criminal Law § 52a (2): Assault § 13: Arrest § 3—**

Evidence that defendant, who had been arrested by a police officer, intentionally struck the officer while on the way to the police station with the sole purpose of venting her spleen upon him, is sufficient to support a conviction of simple assault, and therefore when this is one of the offenses charged in the warrant, defendant's general motion for a compulsory nonsuit is properly denied.

**3. Assault § 10—**

A warrant charging that the defendant on a certain day in a named city did unlawfully and willfully violate the laws of North Carolina by an assault on a named person is sufficient to charge the offense of a simple assault.

**4. Disorderly Conduct § 2—**

A warrant charging that defendant unlawfully and willfully violated the laws of North Carolina "by disorderly conduct by using profane and indecent language" is insufficient to charge the statutory crime proscribed by G.S. 14-197, since it fails to charge that defendant used the profane language (1) on a public road or highway, (2) in the hearing of two or more persons, or (3) in a loud and boisterous manner.

**5. Arrest § 3—**

A warrant charging that defendant unlawfully and willfully violated the laws of North Carolina by resisting arrest is insufficient to charge the offense proscribed by G.S. 14-223.

**6. Indictment and Warrant § 16—**

An order granting a motion to amend the warrant so as to charge the violations in the words of designated statutes cannot cure fatal defects in the warrant in failing to charge the offenses when the amendments are not actually made, since neither the motion nor the order sets out the contemplated wording of the proposed amendments and therefore could not be self-executing.

**7. Criminal Law §§ 56, 78c—**

Where the warrant fails to charge essential elements of some of the offenses for which defendant was prosecuted, the Supreme Court will arrest the judgment on such offenses *ex mero motu* notwithstanding the want of a motion in arrest of judgment in the Superior Court or the Supreme Court.

APPEAL by defendant from *Joseph W. Parker, Judge,* and a jury, at March Term, 1953, of EDGECOMBE.

Criminal prosecution upon a warrant tried *de novo* in the Superior Court on the appeal of the defendant from a recorder's court.

The pertinent facts are stated in the numbered paragraphs set out below.

1. The warrant charges "that . . . in . . . (Edgecombe) County and in . . . the City of Rocky Mount on . . . the 14 day of September, 1952, the . . . defendant (Evella Thorne) unlawfully, wilfully violated the laws of North Carolina or ordinances of said City by disorderly conduct by using profane and indecent language, resisting arrest and assault on an officer, one Harvey Thomas, with a deadly weapon, to-wit, a lead pencil, . . . contrary to the statutes in such cases made and provided, contrary to law, and against the peace and dignity of said City and State."

2. No effort was made by the State at the trial to show that the warrant charges a violation of any of the ordinances of the City of Rocky Mount.

3. The only evidence presented to the court and jury was that of the State. It tended to show these things: Harvey Thomas, a policeman,

entered the dwelling of the defendant in the City of Rocky Mount at her invitation to investigate a crime committed by a third person. The defendant became angry and imprecated divine vengeance upon Thomas in a somewhat loud and boisterous tone of voice. Thomas advised the defendant that "she was under arrest for disorderly conduct," and removed her from her dwelling to the police station by force. The defendant resisted such removal by striking Thomas several blows. Sometime after they reached the police station, the defendant intentionally struck Thomas again for the sole purpose of venting her spleen upon him.

4. After the close of the evidence and before the charge, the solicitor moved the court for authority to amend the warrant so as "to charge the violation in the words of the statute, to-wit, . . . G.S. 14-197 and G.S. 14-223." The court allowed the motion, but the amendments were not actually made.

5. The jury returned a general verdict of guilty. The court construed the verdict to mean that the defendant was guilty of simple assault, disorderly conduct, and resisting arrest, and pronounced a separate sentence against the defendant for each of these things.

6. The defendant excepted and appealed. She asserts by her assignments of error that the court erred in denying her motion for a compulsory nonsuit, in allowing the solicitor's motion to amend the warrant, and in pronouncing the sentences.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*W. O. Rosser for defendant, appellant.*

ERVIN, J. The testimony indicating that the defendant intentionally struck Thomas sometime after they reached the police station and that her sole object in so doing was to vent her spleen upon him suffices to overcome the general motion for a compulsory nonsuit and to support a conviction for simple assault. For this reason, we by-pass without discussion or decision the question debated by counsel whether or not the State's evidence compels the single conclusion that Thomas arrested the defendant without authority of law and that consequently the blows she struck in resistance to her arrest were justified.

We made this observation in the recent case of *S. v. Albarty, ante,* 130, 76 S.E. 2d 381: "There can be no valid trial, conviction, or punishment for a crime without a formal and sufficient accusation. As a consequence, it is impossible to overmagnify the necessity of observing the rules of pleading in criminal cases. The first rule of pleading in criminal cases is that the indictment or other accusation must inform the court and the accused with certainty as to the exact crime the accused is alleged to have committed."

Scant heed was paid to the rules of pleading in criminal cases in the preparation of the warrant in the instant action. To be sure, the allegation "that . . . the . . . defendant (Evella Thorne) unlawfully, willfully violated the laws of North Carolina . . . by . . . assault on . . . one Harvey Thomas" is sufficient to charge a simple assault. This is so because it charges that offense "with such a degree of certainty and in such a manner as to enable a person of common understanding to comprehend the charge, and the court to pronounce judgment on the conviction according to the law of the case, and the accused to plead an acquittal or conviction on it in bar of another prosecution for the same offense." 6 C.J.S., Assault and Battery, section 104.

The warrant is fatally defective in all other respects.

The allegation "that . . . the . . . defendant unlawfully, willfully violated the laws of North Carolina . . . by disorderly conduct by using profane and indecent language" imputes no crime to the accused. The phrase "disorderly conduct," standing alone, does not denote an offense known to the general law of the State. *S. v. Myrick,* 203 N.C. 8, 164 S.E. 328; *S. v. Sherrard,* 117 N.C. 716, 23 S.E. 157. The allegation cannot be construed to charge the statutory crime denounced by G.S. 14-197 in these words: "If any person shall, on any public road or highway and in the hearing of two or more persons, in a loud and boisterous manner, use indecent or profane language, he shall be guilty of a misdemeanor and upon conviction shall be fined not exceeding fifty dollars or imprisoned not exceeding thirty days." It omits at least three elements of the statutory offense. It fails to state that the defendant used indecent or profane language (1) on a public road or highway, or (2) in the hearing of two or more persons, or (3) in a loud and boisterous manner. *S. v. Shands,* 88 Miss. 410, 40 So. 1005; 72 C.J.S., Profanity, section 4.

This brings us to the allegation "that . . . the . . . defendant unlawfully, willfully violated the laws of North Carolina . . . by . . . resisting arrest." There is no validity in the contention of the State that this allegation imputes to the accused a violation of G.S. 14-223, which specifies that "if any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a misdemeanor." A similar contention was expressly rejected in the recent case of *S. v. Raynor,* 235 N.C. 184, 69 S.E. 2d 155, where a similar allegation was adjudged "wholly insufficient to support the verdict and judgment rendered."

In reaching the conclusion that the warrant does not charge any criminal offense except simple assault, we do not overlook the circumstances that the solicitor moved the court for authority to amend the warrant so as "to charge the violations in the words of the statutes, to-wit, . . . G.S. 14-197 and G.S. 14-223," and that the court allowed the motion. These

events added nothing whatever to the warrant.   The amendments were not actually made.   *S. v. Moore,* 220 N.C. 535, 17 S.E. 2d 660; *Sovine v. State,* 85 Ind. 576.   Since neither the motion nor the order set out the contemplated wording of the proposed amendments, the order allowing the motion to amend was not self-executing.   See in this connection: *S. v. Yellowday,* 152 N.C. 793, 67 S.E. 480, and 42 C.J.S., Indictments and Informations, section 237.   The warrant would not be bettered if the words of the motion were inserted in it.   *S. v. Ballangee,* 191 N.C. 700, 132 S.E. 795.

The defendant did not move in arrest of judgment in the Superior Court or in this Court upon the supposed counts for disorderly conduct and resisting arrest on the ground that the allegations of the warrant relating to these matters do not charge criminal offenses.   The respective duties of the Superior Court and this Court under such circumstances are thus stated in *S. v. Watkins,* 101 N.C. 702, 8 S.E. 346: "It seems that no motion in arrest of judgment was made in the court below, but that court should, in the absence of such motion, have refused to give judgment upon the ground that the offense was not sufficiently charged in the indictment.   The court cannot properly give judgment unless it appears in the record that an offense is sufficiently charged.   It is the duty of this Court to look through and scrutinize the whole record, and if it sees that the judgment should have been arrested it will, *ex mero motu,* direct it to be done."

On the charge of simple assault: No error.

On all other charges: Judgment arrested.