## EL PUEBLO V. MASSÓ.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 441.—Resuelto en junio 18, 1912.

DERECHO PENAL—SUFICIENCIA DE LA DENUNCIA—Examinada la denuncia en su totalidad, demuestra que el delito fué cometido en el distrito municipal de Guayama. El no haberse repetido la palabra "pública" al definir el delito contra la paz, no constituye defecto alguno, pues los hechos alegados en la denuncia demuestran cómo se alteró la paz, y tales hechos son los que determinan la naturaleza del crimen imputado y nó el nombre que pueda darle el denunciante.

ID.—EVIDENCIA ADMISIBLE.—Habiendo ocurrido parte de los hechos imputados al acusado en la calle, y otros en el depósito, no cometió error el tribunal sentenciador al rehusar la eliminación de la declaración de un testigo relativa a lo que sucedió dentro del depósito, sobre todo teniendo en cuenta que su declaración fué admitida sin oponerse el acusado.

ID.—CORROBORACIÓN DE LA DECLARACIÓN DEL DENUNCIANTE.—La declaración de un testigo en un caso de esta naturaleza es suficiente para probar los hechos alegados en la denuncia, y no necesita corroboración.

Los hechos están expresados en la opinión.

La parte apelante no compareció.

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Se inició esta causa en la corte municipal de Guayama, y habiendo dicha corte dictado sentencia contra el acusado, interpuso éste apelación para ante la corte de distrito, en donde después de celebrarse un nuevo juicio fué también declarado culpable dicho acusado y condenado a sufrir noventa días de prisión en la cárcel y al pago de las costas. Nó estando todavía conforme con el resultado de los proce-

dimientos, interpuso recurso de apelación para ante esta corte.

Aparece en los autos una exposición del caso pero no se ha presentado ningún alegato, ni estuvo representado el apelante por medio de abogado. El Pueblo compareció por su Fiscal, habiendo quedado los autos que ahora examinamos sometidos con el caso a nuestra consideración, al celebrarse la vista de esta apelación en once del corriente mes.

El acusado presentó a la corte sentenciadora una excepción perentoria a la denuncia, fundada (*a*) en que la misma no expresaba el distrito en que el delito se cometió; y (*b*) porque el delito denunciado se denomina "alterar la paz" en vez de "contra la paz pública." La corte de distrito desestimó esta excepción.

La denuncia es como sigue:

"Juzgado Municipal de Guayama.    United States of America, ss: The President of the United States. *El Pueblo de Puerto Rico* v. *Pedro Juan Massó.*    Yo, Landelino Ortiz, P. I. 242, vecino de Guayama, calle de Marina número — de 27 años, formulo denuncia contra Pedro Juan Massó por delito de alterar la paz pública, cometido de la manera siguiente: que en febrero 3 de 1912, y hora 9 p. m., y en la calle de San Fernando del distrito judicial del juzgado municipal, el referido acusado voluntaria y maliciosamente me provocó con palabras obcenas tales como  *  *  *  (usando las palabras más indecentes en el idioma español), todo esto de una manera desordenada," etc.

Toda la denuncia debe considerarse en conjunto y examinada así resulta suficientemente de la misma que el delito se cometió en el distrito municipal de Guayama. Expresa además dicha denuncia que el acusado voluntaria y maliciosamente provocó a un policía que le había arrestado, empleando de una manera desordenada palabras obcenas y groseras, que no es necesario repetir. La acusación que se ha hecho de que alteró la paz es suficiente, pues los hechos que han sido alegados demuestran la forma en que se alteró la paz. Se infringió el artículo 368 del Código Penal cuya infracción se expresa en la denuncia, si bien la palabra *pública*

no aparece repetida en el texto de la denuncia. Son los hechos que se alegan los que determinan qué delito es el que se imputa en la denuncia y no el nombre que pueda darle al delito el denunciante. *El Pueblo* v. *González,* 17 D. P. R., 1186.)

Al terminar su declaración el testigo Lao, el acusado presentó una moción para que su declaración fuera eliminada, pues en ella sólo se hacía referencia a lo que había pasado dentro del depósito. Esta moción fué debidamente negada porque la declaración se había admitido sin formularse objeción a la misma y aun en el caso de que no fuera admisible la moción para eliminarla, no hubiera podido declararse con lugar, a falta de alguna otra razón que fuera mejor que la que fué presentada. (*People* v. *Long,* 43 Cal., 444; 12 Cyc., 565.) Pero la prueba fué esencial, pertinente y adecuada. Algunos de los hechos alegados ocurrieron en la calle y otros en el depósito que estaba situado en la misma calle y todos en conjunto constituyeron un acontecimiento. Por consiguiente, toda la serie de hechos quedó debidamente probada ante la corte, cuyos hechos fueron tomados en consideración al dictarse la sentencia.

Terminada toda la prueba el acusado presentó una moción solicitando su absolución, ''por no haber sido corroborada la declaración del policía por los otros dos testigos.'' No era necesario que quedara corroborada pues la declaración de un testigo es suficiente para probar los hechos que se imputan en esta denuncia. (Art. 18 de la Ley de Evidencia.) Pero puede ser que los abogados del acusado trataban de conseguir en su moción la absolución del acusado por el fundamento de falta de prueba suficiente en la que pudiera fundarse la denuncia de alteración de la páz. Si esto fué así, la moción fué debidamente desestimada.

La prueba fué amplia. El acusado con su conducta tuvo el propósito de alterar la paz del pueblo, la que fué inexcusable como quiera que se la considere. Los hechos probados demuestran claramente el delito por el cual se acusó al ape-

lante, y la sentencia está enteramente justificada.   Debe por consiguiente ser confirmada en todas sus partes.

*Confirmada.*

. Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.