EL PUEBLO, DEMANDANTE Y APELADO, *v.* VAZ, ACUSADO Y APELANTE.

Apelación procedente de la Corte de Distrito de Aguadilla en causa por alterar la paz.

No. 1613.—Resuelto en noviembre 30, 1920.

ALTERACIÓN DE LA PAZ—DENUNCIA INSUFICIENTE.—En una denuncia por alteración de la paz no es suficiente alegar, que el acusado usó frases amenazadoras o que adoptó cierta actitud agresiva si no se expresa que dichas frases o actitud produjeron en realidad el efecto de perturbar la paz de determinada o determinadas personas, pues tal perturbación constituye la ofensa delictiva.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. Valldejuli* y *E. González Mena.*

Abogado del apelado: *Sr. José E. Figueras,* Fiscal.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del Tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Aguadilla que condenó a Gregorio Vaz como autor de un delito de alterar la paz, a pagar una multa de cincuenta dólares y en defecto de su pago a sufrir cincuenta días de cárcel. El Fiscal de esta Corte Suprema se adhirió al recurso y solicitó la revocación de la sentencia por entender que los hechos denunciados no eran constitutivos de delito.

La denuncia, que fué excepcionada perentoriamente en la Corte de Distrito, en lo pertinente, dice así:

"Que en 28 de abril de 1920 y hora como la 1 p. m. y en el barrio Arenales, sitio desvío de Calero, del Distrito Judicial Municipal de Aguadilla, P. R., el citado Gregorio Vaz, maliciosa y voluntariamente, en actitud violenta y amenazadora insultó y provocó a un grupo de trabajadores que iban en el ferrocarril para San Juan, diciéndoles sinvergüenzas, canallas y otras palabras por el estilo, amenazándole al mismo tiempo con una caña de azúcar."

Y la ley aplicable, artículo 368 del Código Penal, es como sigue:

"Toda persona que maliciosa y voluntariamente perturbare la paz o tranquilidad de algún vecindario o individuo, con fuertes o inusitados gritos, conducta tumultuosa y ofensiva, o amenazas, vituperios, riñas, desafíos o provocaciones, o que en las calles de alguna ciudad o pueblo, o en las vías públicas disparare algún arma de fuego, o hiciere uso de lenguaje grosero, profano o indecoroso en presencia o al alcance del oído de mujeres o niños, en forma estrepitosa o inconveniente, incurrirá en *misdemeanor* y será castigado con  *   *   *."

Basta comparar la una con la otra para concluir que tienen razón el apelante y el Fiscal del Supremo

No es suficiente decir que se usaron por un acusado frases amenazadoras o se adoptó cierta actitud agresiva, si no se expresa que dichas frases o actitud produjeron en realidad de verdad el efecto de perturbar la paz de determinada o determinadas personas, pues tal perturbación constituye la ofensa delictiva.

En cuanto al uso de lenguaje indecoroso, claramente se ve que no era esa forma del delito la que estaba en la mente del acusador al redactar la denuncia. De todos modos no se expresa que el lenguaje indecoroso se usara en presencia o al alcance del oído de mujeres o niños, como exige el estatuto.

Por virtud de lo expuesto, debe declararse con lugar el

recurso, revocarse la sentencia apelada y absolverse al acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.