El Pueblo, Demandante y Apelado, *v.* Ruiz, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por alteración de la paz.

No. 1561.—Resuelto en enero 31, 1921.

Alteración de la Paz—Acusación Insuficiente.—Cuando la teoría sustentada por El Pueblo en una acusación por alteración de la paz es el uso por el acusado de lenguaje ofensivo consistente en un epíteto grosero, y no se alega y se prueba que el insulto se dirigió en forma estrepitosa o inconveniente (*boisterous*), al alcance del oído de mujeres o niños, es preciso concluir que el delito denunciado no está comprendido en el artículo 368 del Código Penal.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. O. M. Wood y M. F. Rossy.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Emilio Ruiz acusado y apelante en este caso, era el mayordomo de la "Central Juanita" y tenía a sus órdenes a un encargado que fué arrestado por el delito de acometimiento y agresión. Después del arresto el referido apelante habló con Marcelino Romaní que entonces era el Juez Municipal de Bayamón, respecto a la honradez del acusado. Esto tuvo lugar antes del juicio. El juicio del encargado fué celebrado, y fué declarado culpable y sentenciado a pagar una multa de $40. Lo probable es que la multa era justa y nada tene-

mos que ver con este aspecto del caso.  Posteriormente, cierta
noche, el Juez Municipal de Bayamón se encontraba sentado
en un café de ese pueblo.  Mientras estaba allí sentado, en-
tró Ruiz al café a comprar un tabaco y al verlo entrar, el
juez llamó a Ruiz.  Según el acusado y apelante y por lo
menos uno de los testigos de cargo, el acusado no quería ir,
pero fué finalmente debido a la insistencia del juez.  Al pa-
recer eran amigos hasta entonces.  No aparece claramente
si Ruiz se sentó o no en la mesa con el juez, pero de todos
modos ellos entraron en conversación y todos los testigos
convienen en que lo hicieron tranquilamente aunque en su
desenvolvimiento era quizás un poco alterada.  Ellos dispu-
taron y se acaloraron con respecto a la resolución del caso
del encargado y la prueba tendía a demostrar que Ruiz en-
fáticamente y es probable que injustamente criticara la sen-
tencia del juez municipal, pero la corte tenía derecho a creer
que él también dirigió al juez una palabra grosera en cuya
naturaleza exacta no es necesario insistir, toda vez que los
testigos no están de acuerdo respecto a cuál fué la palabra
precisamente empleada.  La acusación imputa una palabra
y el denunciante, juez municipal dijo que era otra.  Esta li-
gera incongruencia no ha sido materia de queja en apelación
como tal incongruencia.  El juez municipal ordenó el arresto
del acusado.  Este fué juzgado mediante acusación formu-
lada en la Corte de Distrito de San Juan, declarado culpable
de alteración de la paz y condenado a sufrir un mes de cár-
cel.  La acusación es como sigue:

"El fiscal formula acusación contra Emilio Ruiz, por un delito
de alteración de la paz, *misdemeanor,* cometido de la manera si-
guiente: El citado Emilio Ruiz, allá por el día 13 de marzo de
1919, y en Bayamón que forma parte del distrito judicial de San
Juan, ilegal, voluntaria y maliciosamente perturbó la paz y tran-
quilidad de Marcelino Romaní, Ricardo Val Lloveras e Ignacio L.
Torres, que estaban presentes, con una conducta denigrante y ofen-
siva, dirigiendo al primero de ellos frases denigrantes e indecoro-
sas, tales como 'tú no eres más que un huele bicho.''  Este hecho

es contrario a la ley para tal caso prevista y a la paz y dignidad de 'El Pueblo de Puerto Rico.' ''

El artículo 368 del Código Penal es el único aplicable al caso y prescribe lo siguiente:

"Toda persona que maliciosa y voluntariamente perturbare la paz o tranquilidad de algún vecindario o individuo, con fuertes o inusitados gritos, conducta tumultuosa y ofensiva, o amenazas, vituperios, riñas, desafíos o provocaciones, o que en las calles de alguna ciudad o pueblo, o en las vías públicas disparare algún arma de fuego, o hiciere uso de lenguaje grosero, profano o indecoroso en presencia o al alcance del oído de mujeres o niños, en forma estrepitosa o inconveniente, incurrirá en *misdemeanor* y será castigada con multa máxima de doscientos dollars, o cárcel por un término máximo de noventa días o ambas penas, a discreción del tribunal.''

Si se examina la acusación se verá que la sola teoría que en ella se sustenta es la de emplearse lenguaje ofensivo consistente en un epíteto grosero. El artículo 368 sólo comprende el uso de lenguaje grosero, profano o indecoroso en presencia o al alcance del oído de mujeres o niños, en forma estrepitosa o inconveniente (*boisterous*). No solamente no se emplearon estas palabras en forma estrepitosa o ruidosa (*boisterous*), sino que no fueron pronunciadas en presencia de mujeres o niños. Por tanto, el delito denunciado no está comprendido en el artículo 368 del Código Penal. Véase también el caso de *El Pueblo* v. *Pabón,* 15 D. P. R. 212, donde fué empleada la palabra "malcriado''.

Bajo la Ley Común de Inglaterra, no constituía alteración de la paz el emplear meramente lenguaje insultante, 9 C. J. 388. En varios Estados los estatutos lo han comprendido, pero la única referencia a él en nuestro propio estatuto es aquélla a que nos hemos referido y el principio de *Expressio unius est exclusio alterious* es de aplicación. En Puerto Rico no existen delitos a no ser que estén declarados expresamente por el estatuto. Código Penal artículo 5.

Los hechos tienden a demostrar que estos dos hombres habían sido amigos; que el lenguaje indecoroso fué empleado

en tono bajo. Era ofensivo y no realmente excusable. El acusado, sin embargo, no buscó ninguna cuestión y fué llamado por el mismo juez para que fuera donde él. Como el acusado probablemente estaba enconado por la condena de su encargado, no era el momento propicio, por decirlo así, para que el juez lo hiciera hablar. Por "paz", según se usa en la ley en relación con esto, se entiende, la tranquilidad de que gozan los ciudadanos cuando reina buen orden. 8 R. C. L. 284. Fué probablemente más bien la dignidad, que no la tranquilidad del juez la que fué ofendida de acuerdo con los hechos particulares del caso. Cuando un juez entra a un café sus derechos son iguales y no mayores que los de cualquiera otra persona, en lo que respecta a una alteración de la paz pública. El está protegido por la ley de desacato en ciertos casos, pero cuando esa ley no es de aplicación, sus derechos son los mismos que los de cualquier otro cuidadano. *El Pueblo* v. *García,* 21 D. P. R. 163.

Debe revocarse la sentencia apelada y absolverse al acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.