EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MANUEL DELGADO, acusado y apelante.

No. 2670.—*Visto:* Marzo 5, 1926. *Resuelto:* Marzo 11, 1926.

1. PERTURBACIÓN DE ASAMBLEAS PÚBLICAS—NATURALEZA DEL DELITO.—La reunión de presos en una cárcel no es una de las congregaciones o asambleas a que se refiere el artículo 358 del Código Penal.

2. ALTERACIÓN DE LA PAZ PÚBLICA—PROCESO Y CASTIGO—DENUNCIA—SUFICIENCIA DE LA MISMA—DETERMINACIÓN DEL DELITO.—Los hechos que se relatan en una denuncia y no la calificación legal que les dé el denunciante, son los que determinan el delito.

3. ALTERACIÓN DE LA PAZ PÚBLICA—PROCESO Y CASTIGO—DENUNCIA.—SUFICIENCIENCIA DE LA MISMA—USO DE PALABRAS GROSERAS E INSULTANTES. — Una denuncia en que se alega que el acusado perturbó y molestó a los presos reunidos en una cárcel municipal con palabras groseras e insultantes, imputa hechos delictivos comprendidos en el artículo 368 del Código Penal y no dentro del artículo 358 de dicho Código.

4. ALTERACIÓN DE LA PAZ PÚBLICA—PROCESO Y CASTIGO—EVIDENCIA—SUFICIENCIA DE LA MISMA.—Prueba de que un acusado profirió dentro de una cárcel y junto a los presos, palabras groseras e insultantes dirigidas a un tercero, es suficiente a los efectos del artículo 368 del Código Penal.

5. DERECHO PENAL—DEL ·CASTIGO Y PREVENCIÓN DEL DELITO—DETERMINACIÓN DE
   LA EXTENSIÓN DE LA PENA POR LA CORTE—EVIDENCIA PARA MITIGARLA O
   AGRAVARLA—ADMISIBILIDAD.—Cuando una corte tiene el deber de determinar
   la extensión de la pena, puede recibir evidencia para agravarla o mitigarla.

SENTENCIA de *Angel Acosta,* J. (Sala Segunda, Ponce), condenando
   al acusado por delito de alterar la paz pública. *Confirmada.*
*Felipe Colón Díaz* y *Miguel Bahamonde,* abogados del apelante;
   *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
   bunal.

El apelante fué condenado a sesenta dólares de multa
por un delito de alterar la paz pública y en la apelación que
ha interpuesto contra esa sentencia alega que debe ser ab-
suelto porque en la denuncia hecha contra él no se le imputa
delito alguno.

Fué denunciado por infracción del artículo 358 del Có-
digo Penal alegándose que voluntaria y maliciosamente per-
turbó y molestó con conducta grosera el orden y solemnidad
de los presos reunidos en la cárcel municipal diciendo en
alta voz ciertas palabras insultantes, consignadas en la de-
nuncia, dirigidas contra el denunciante.

[1] Los hechos expresados en la denuncia no están com-
prendidos en el artículo 358 porque los actos en él penados
son los de perturbar o molestar cualquiera congregación de
personas reunidas para dedicarse al culto religioso u otro
objeto lícito; perturbar o dispersar sin autoridad cualquier
asamblea o reunión de carácter legítimo y hacer uso de len-
guaje profano o indecoroso en presencia o al alcance de mu-
jeres o niños, y la reunión de presos en una cárcel no es una
de las congregacions o asambleas a que se refiere ese pre-
cepto, ya que éstas suponen voluntariedad de los congre-
gados.

[2, 3] Veamos si los hechos relatados constituyen el de-
lito previsto en el artículo 368 del mismo Código y castigado
con multa máxima de doscientos dólares o cárcel por tér-
mino máximo de noventa días o con ambas penas a discre-
ción del tribunal, pues si es así la denuncia imputará un de-

lito a pesar de que no cita ese artículo sino otro distinto, porque son los hechos los que determinan el delito y no la calificación legal que les dé el denunciante. En el artículo 368, comprendido como el anterior en el capítulo de delitos contra la paz pública, se declara delictivo el hecho de perturbar la paz o tranquilidad de algún vecindario o individuo con fuertes e inusitados gritos, conducta tumultuosa y ofensiva o amenazas, vituperios, riñas, desafíos o provocaciones. La denuncia no dice que el denunciado perturbó la paz o tranquilidad del denunciante pero sí que perturbó y molestó con sus palabras a los presos reunidos en la cárcel municipal, que son el vecindario de la cárcel, y por tanto imputa hechos delictivos comprendidos en el artículo 368.

[4] En cuanto a la evidencia presentada la encontramos suficiente pues el alcaide de la cárcel declaró que el denunciado profirió dentro de ella y junto a los presos las palabras groseras e insultantes para él que menciona la denuncia.

[5] Terminada la presentación de la evidencia del fiscal, pues el apelante no presentó prueba alguna, la corte declaró que de acuerdo con el artículo 368 se trataba de una alteración de la paz y para los efectos de la pena que había de imponer hizo comparecer a un policía quien manifestó que el denunciado no tiene un buen *record* como perturbador de la paz y que en varios momentos la ha alterado, conducta de la corte que se alega ser errónea porque no habiendo presentado el denunciado prueba de su buena reputación ésta no podía ser impugnada, citando en apoyo de esta afirmación el caso de *Commonwealth* v. *Hardy,* 2 Mass. 317, resuelto en 1807, pero ese extremo no es la decisión de esa corte sino la opinión de uno de sus jueces, y la práctica ahora bien establecida es que cuando la corte tiene el deber de determinar la extensión de la pena puede recibir evidencia para agravarla o mitigarla. 8 R.C.L. páginas 260 y 261, y 14 Ann. Cas. 968.

Por las razones expuestas la *sentencia apelada debe ser confirmada.*