EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ADRIÁN RIVERA, acusado y apelante.

No. 4589.—*Sometido:* Diciembre 11, 1931. *Resuelto:* Diciembre 16, 1931.

*Enrique Báez García,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Adrián Rivera fué dos veces convicto de infracción a la ley del cierre, primeramente en una corte municipal, y después, luego de un juicio *de novo,* en una corte de distrito, y ahora alega que el juez de distrito erró al declarar sin lugar una llamada excepción perentoria por falta de jurisdicción.

En un documento intitulado excepción perentoria y radicado en la corte de distrito, el acusado consignó que el juez municipal había pronunciado sentencia en abril 8, 1931; que el acusado había apelado el mismo día, y que ni el juez municipal ni el secretario de la corte municipal habían radicado el récord con el secretario de la corte de distrito hasta el 20 de mayo, 1931, unos 48 días después de haberse dictado sentencia por la corte municipal. Este documento terminaba con una súplica para que se absolviese perentoriamente al acusado. Al replicar, el fiscal de distrito trató esta alegación como una moción para sobreseer el caso, e insistió: Primero, en que si bien era deber del juez municipal elevar el récord dentro de cinco días, también era deber del acusado tramitar su apelación; segundo, que la moción llegaba demasiado tarde al ser presentada después de la radicación de

los autos en la corte de distrito; tercero, que el acusado, quien estaba en libertad bajo fianza, no había demostrado haber sufrido perjuicio en algún derecho substancial a causa de la demora; cuarto, que los fundamentos en que se basaba la moción no colocaban el caso dentro del artículo 448 del Código de Enjuiciamiento Criminal; y quinto, que el artículo 461 del mismo cuerpo legal era decisivo de la cuestión.

El apelante se basa en admisiones implícitas que dice contener el escrito últimamente aludido para establecer el hecho alegado en la moción de sobreseimiento.

Ninguna otra prueba de la existencia de esos hechos ha de hallarse en parte alguna de los autos. Tampoco hay nada en el récord que demuestre que el juez de distrito en ocasión alguna resolviera la moción o "excepción perentoria," o que la misma fuera puesta bajo su atención.

Una apelación de una sentencia de una corte municipal en un caso criminal queda perfeccionada por la radicación de un escrito de apelación acompañado de una fianza o de un depósito en dinero. Compilación, secciones 6060 y 6061. El que un juez municipal deje de elevar el récord dentro del término prescrito por el inciso quinto del artículo 29 del Código de Enjuiciamiento Criminal—Estatutos Revisados, sección 6040 —no priva a la corte de distrito de su jurisdicción. Aun en caso contrario (por lo menos cuando un apelante no ha sido privado de su derecho a un juicio rápido) la práctica adecuada sería desestimar la apelación, no sobreseer el caso ni absolver al acusado. Véase 35 C. J. 796, sección 499.

*La sentencia apelada debe ser confirmada.*