EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
ROQUE RÍOS VÁZQUEZ, acusado y apelante.

No. 4623.—*Sometido:* Enero 21, 1932. *Resuelto:* Enero 28, 1932.

*E. Martínez Rivera,* abogado del apelante; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Roque Ríos Vázquez fué convicto por la Corte de Distrito de Bayamón de haber alterado la paz pública. El caso vino a la corte de distrito en apelación de la Corte Municipal de Toa Alta.

El apelante dice que la corte de distrito cometió error al declararse con jurisdicción para conocer del caso. Este es un señalamiento de error insuficiente toda vez que no expone por qué la corte de distrito carecía de jurisdicción.

El apelante sostiene que la corte carecía de jurisdicción en vista de que los autos no fueron elevados de la corte municipal a la de distrito dentro de cinco días después de entablada la apelación.

No estamos de acuerdo con el apelante en que el estatuto (inciso 4 del artículo 29 del Código de Enjuiciamiento Criminal, según quedó enmendado por la Ley No. 95 de 1925, p. 765) sea tan imperativo que prive a la corte de distrito de jurisdicción. *El Pueblo* v. *Rivera,* 42 D.P.R. 934. Por el contrario, nos inclinamos al criterio de que si la Corte de Distrito de Bayamón carecía de jurisdicción, entonces subsistiría la sentencia de la corte municipal. Sería un sistema extraño de jurisprudencia si por errores de los funcionarios de las cortes un hombre que fuera convicto pudiese escapar al castigo meramente porque la corte superior careciera de jurisdicción. Conforme dijimos en el caso de *El Pueblo* v. *Rivera, supra,* incumbe al apelante ocuparse de que se eleven los autos. El caso en que declaramos que la ley era imperativa fué uno en que la corte de distrito ya había oído la prueba y dejó de dictar sentencia, según se requiere. *El Pueblo* v. *Acosta,* 40 D.P.R. 471.

Creemos innecesario considerar detalladamente la cuestión de si el acusado tuvo o no un juicio rápido. Fué juzgado dentro de 120 días, que es todo lo que nuestro estatuto exige.

El otro señalamiento de error ataca la suficiencia de la denuncia principalmente porque ésta dejó de aducir que se alterara la paz de alguien. La denuncia demuestra que las palabras abusivas fueron dirigidas al policía denunciante y fueron oídas por varias personas. Hemos resuelto que si de las palabras de una denuncia se puede fácilmente deducir que la paz de otras personas fué en realidad alterada, es innecesaria una alegación exacta a ese efecto. *El Pueblo* v. *Escobar,* 36 D.P.R. 240; *El Pueblo* v. *Massó,* 18 D.P.R. 530.

No hallamos que la denuncia fuera vaga o confusa, aun si esa cuestión pudiera considerarse sin ser debidamente suscitada.

*Debe confirmarse la sentencia.*