Núm. 7556.—PUEBLO, apldo. *v.* MUNERA, aplte.—C. D. Ponce. ▮▮▮▮▮▮▮ Junio 6, 1939.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, el apelante solicita una revocación de la sentencia apelada ''porque los hechos alegados en la denuncia por el acusado no constituyen un delito de alteración de la paz y que en modo alguno se perturbó de una manera grosera, maliciosa o impúdica la tranquilidad del vecindario, por lo que es preciso concluir que el

delito denunciado no está comprendido en el artículo 368 del Código Penal.''

Por cuanto, como fundamento capital para sostener la insuficiencia de la denuncia, el apelante se expresa así en su alegato:

''Examinada la acusación se verá que la sola teoría que ella sustenta es la de emplearse lenguaje ofensivo consistente en vocablos groseros en presencia de mujeres y niños. Para sostener nuestros puntos de vista véase el caso del *Pueblo* v. *Ruiz*, 29 D.P.R. 76 y *Pueblo* v. *Pabón*, 15 D.P.R. 212. A nuestro juicio este caso es muy similar, si no idéntico y respetuosamente nos permitimos referir a este Hon. Tribunal a las páginas antes mencionadas del tomo antes citado.

''Se ve claramente que el artículo 368 del Código Penal es específico y exigente. Invocamos la doctrina sentada por ese Hon. Tribunal en el caso de *El Pueblo* v. *Vaz*, 28 D.P.R. 926.

''De una lectura de la acusación en este caso a que se ha hecho referencia resulta claramente que el apelante no obró voluntaria y maliciosamente y que en suma las expresiones usadas por él en el diálogo surgido al ir él a solicitar el cobro de los $25 no son aquellas frases específicas que requiere el artículo 368 del Código Penal, y que las mismas en la forma que constan en la denuncia a que estamos refiriéndonos, no pueden en realidad producir el efecto de alterar la paz de determinada o determinadas personas, pues tal perturbación es lo que constituye la ofensa delictiva.''

Por cuanto, la denuncia imputa al acusado el delito de alteración de la paz cometido de la manera siguiente:

''Que en 22 de agosto de 1939, y en el Nuevo Ensanche de Juana Díaz, del Distrito Judicial Municipal de Ensanche de Juana Díaz, que forma parte del Distrito Judicial de Ponce, P. R., el acusado voluntaria, ilegal y maliciosamente y con la intención manifiesta de insultar a la denunciante, como así lo hizo, alteró la paz pública diciéndole a la denunciante: 'Vieja hechicera', 'embaucadora,' 'que le diera $25 porque de lo contrario estaba dispuesto a cualquier cosa.' Que así siguió por toda la calle frente a la casa de la denunciante y dirigiéndose a ella, o sea la denunciante, le decía: 'So vieja ladrona, te quieres quedar con lo que no es tuyo.' Todo dicho en alta voz al alcance del oído de mujeres y niños.''

Por cuanto, los hechos en los casos citados por el apelante eran distintos, siendo más aplicable al presente la doctrina establecida en el caso de *Pueblo* v. *Ways*, 29 D.P.R. 334, y apareciendo que la denuncia redactada por la denunciante misma, contiene hechos suficientes para constituir el delito imputado al acusado;

Por tanto, se confirma la sentencia apelada que dictó la Corte de Distrito de Ponce en diciembre 15, 1938.