Manuel Ramos Alvarado, peticionario, *v.* El Tribunal de Distrito de Puerto Rico, Sección de Guayama, Hon. Ángel D. Marchand Paz, Juez, demandado.

Núm. 19.—*Sometido:* Abril 1, 1952. *Resuelto:* Abril 29, 1952.

418

*G. Cruzado Silva,* abogado del peticionario; *Hon. Procurador General Víctor Gutiérrez Franqui* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo.

EL JUEZ PRESIDENTE SEÑOR TODD, JR., emitió la opinión del tribunal.

Manuel Ramos Alvarado fué juzgado en juicio *de novo* ante el Tribunal de Distrito de Puerto Rico, Sección de Guayama, a base de una denuncia que le imputaba un delito de alterar la paz, consistente en que ". . . . allá para las 3:20 a. m. del día 13 de junio de 1951, en el sitio arriba indicado, perturbó la paz y tranquilidad del Sr. Fernando Colón Crescioni y esposa y demás familia, consistente en que se dedicaba a *atisbar* por una de las ventanas de su residencia en momentos en que el perjudicado y esposa se disponían a dormir, dando lugar de esta manera el aquí acusado, a que por su conducta completamente impropia y desordenada el Sr. Fernando Colón Crescioni, esposa y demás familia se alarmaran."

Contra dicha denuncia radicó el acusado una excepción perentoria sosteniendo que los hechos alegados no son constitutivos de delito público, toda vez que la acción de *atisbar* no está definida como un delito público, y en la denuncia tampoco se consignan las palabras "conducta tumultuosa y ofensiva", que son las únicas dentro del artículo 368 del Código Penal, a base de las cuales podrían interpretarse los hechos como constitutivos de un delito de alterar la paz.

Discutida dicha excepción perentoria la misma fué declarada sin lugar, procediéndose a la vista del caso y el tribunal inferior declaró al acusado culpable del delito de alterar la paz y le impuso una pena de dos meses de cárcel y las costas.   Para

revisar esa sentencia el Juez Asociado Sr. Negrón Fernández, actuando como Juez de Turno, expidió el auto de *certiorari* autorizado por la Ley núm. 172 de 4 de mayo de 1949.

Sostiene el peticionario que el tribunal inferior cometió error de derecho al declarar que la denuncia era suficiente: (1) porque la acción de "atisbar" no se encuentra en ninguna de las modalidades que señala el artículo 368 del Código Penal, (¹) y (2) porque en la denuncia no se alegó la "conducta tumultuosa y ofensiva". En apoyo de este último argumento cita el caso de *Pueblo* v. *Ruiz*, 29 D.P.R. 74.

■■ Concurrimos con el peticionario en que la modalidad "atisbar" no está específicamente incluída entre aquéllas que enumera el artículo 368 del Código Penal, pero no puede negarse que el hecho de *atisbar* puede constituir "conducta ofensiva" que perturbe la paz y tranquilidad de uno o varios individuos. En el caso de autos los hechos alegados se realizaron en horas de la madrugada, cuando unos cónyuges se disponían a acostarse y no tenemos duda de que esos hechos son suficientes para deducir que la paz de dichos cónyuges fué alterada. Los hechos que se relatan en una denuncia son los que determinan el delito imputado. *El Pueblo* v. *Massó*, 18 D.P.R. 530; *Pueblo* v. *Delgado*, 35 D.P.R. 176; *Pueblo* v. *Ríos*, 43 D.P.R. 60.

■■ Ya hemos resuelto que aun cuando el texto español del artículo 368 del Código Penal hace mención de la "conducta tumultuosa *y* ofensiva", lo cual indicaría que la conducta ofensiva debe además realizarse en forma tumultuosa,

---

(¹) El artículo 368 del Código Penal dispone lo siguiente:

"Toda persona que maliciosa y voluntariamente perturbare la paz o tranquilidad de algún vecindario o individuo, con fuertes o inusitados gritos, conducta tumultuosa y ofensiva, o amenazas, vituperios, riñas, desafíos o provocaciones, o que en las calles de alguna ciudad o pueblo, o en las vías públicas disparare algún arma de fuego, o hiciere uso de lenguaje grosero, profano o indecoroso en presencia o al alcance del oído de mujeres o niños, en forma estrepitosa o inconveniente, incurrirá en *misdemeanor* y será castigada con multa máxima de doscientos dólares, o cárcel por un término máximo de noventa días o ambas penas, a discreción del tribunal."

sin embargo, como el texto inglés del artículo 368 se refiere a "tumultuous *or* offensive conduct", es necesario concluir que cualquier conducta "ofensiva" que altere la "paz o tranquilidad" de un vecindario o de un individuo, está comprendida dentro de las modalidades del artículo 368, aun cuando la misma no se realizase en forma tumultuosa. *El Pueblo* v. *Ways*, 29 D.P.R. 334; *Pueblo* v. *Rivera*, 48 D.P.R. 570, en el cual resolvimos, además, que la palabra "ofensiva" es "aquello que injuria o hiere los sentimientos o causa desagrado, invita a la provocación o provoca ira." Y en el de *Pueblo* v. *Ways*, supra, dijimos lo siguiente, a la pág. 337:

" 'Offensive', en general, significa, 29 Cyc. 1353, cualquier cosa que causa disgusto, que produce dolor, u origina sensaciones desagradables."

Y en cuanto a "conducta" se dice:

". . . Y 'la conducta de una parte, en su sentido más amplio', se ha dicho en el caso de *Hallovell National Bank* v. *Morston*, 27 Atl. 529, 531, citado en 2 Words & Phrases Judicially Defined 1416, *'consiste de actos,* palabras, silencio u omisión negativa de hacer alguna cosa.' " (Bastardillas nuestras.)

No tenemos duda, repetimos, de que la acción del acusado en el presente caso perturbó la paz de la familia Colón maliciosa y voluntariamente por medio de su conducta ofensiva.

El caso de *Pueblo* v. *Ruiz*, supra, en el cual descansa el peticionario, no es de aplicación al de autos toda vez que lo que se resolvió en el mismo fué que, por disposición expresa del artículo 368, la modalidad de hacer uso de lenguaje grosero, profano o indecoroso debía ser "al alcance del oído de mujeres y niños" y además, "en forma estrepitosa e inconveniente".

*Se deja sin efecto el auto expedido.*