EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* EMILIO CASIANO CRUZ, acusado y recurrente.

*Número:* CE-65-25     *Resuelto:* 31 de enero de 1967

*Luis Mejías López* y *Luis Negrón Lizardi,* abogados del recurrente; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue convicto de una infracción al Art. 137 del Código Penal, 33 L.P.R.A. sec. 495, el texto del cual transcribimos más adelante. Uno de los errores señalados plantea que los hechos no constituyen una violación a dicho artículo.

El récord demuestra que un Inspector de Saneamiento del Departamento de Salud fue a notificarle al apelante unas deficiencias sanitarias que tenía un establecimiento suyo. El Inspector solicitó del apelante que éste firmase un formulario impreso y que se quedara con una copia. El apelante rehusó firmar y usó lenguaje soez.

Debemos, pues, determinar si esos hechos constituyen una infracción al Art. 137 antes mencionado. Dicho artículo dispone lo siguiente:

"Toda persona que voluntariamente resistiere, demorare, o estorbare a cualquier funcionario público en el cumplimiento de alguna de las obligaciones de su cargo, o al tratar de cumplirla, siempre que no hubiere otra pena señalada, incurrirá en multa máxima de cinco mil (5,000) dólares y cárcel por un término máximo de un año."

Los Arts. 84 y 137 del Código Penal castigan la resistencia a funcionarios públicos cuando éstos actúan en el desempeño de sus funciones. El Art. 84, 33 L.P.R.A. sec. 274, hace delito grave el utilizar o intentar utilizar la amenaza o la violencia para impedir que un funcionario cumpla cualquier obligación impuéstable por ley. El Art. 137 hace delito menos grave el resistir, demorar o estorbar a cualquier funcionario público en el cumplimiento de alguna obligación de su cargo. Dichos artículos proveen las penalidades correspondientes. Véanse los textos de los artículos citados y *Pueblo* v. *Cancel*, 54 D.P.R. 28, 29 (1938).

En el caso de autos nos encontramos con la negativa de una persona a firmar el formulario mediante el cual el Inspector de Saneamiento le notificaba las antes mencionadas deficiencias y con el hecho de que dicha persona utilizó lenguaje obsceno y ofensivo. No se nos ha traído a nuestra atención, ni lo hemos encontrado, ley o reglamento alguno que obligue a la persona notificada por el Inspector de Saneamiento a firmar dicho formulario o que autorice al Inspector a requerirlo. En ausencia de una obligación de ley o de reglamento basada en ley de firmar dicho formulario, no constituye delito negarse a firmarlo.[1] Y como el Inspector no puede obligar al notificado a firmar el impreso, por no tener facultad

---

[1] Cf. *Castle Enterprises, Inc.* v. *Registrador*, 87 D.P.R. 775 (1963) en donde dijimos: "[E]n una sociedad libre, gobernada bajo el imperio de la ley, cuando un funcionario público le dice a un ciudadano 'Usted no puede hacer tal cosa,' ese funcionario tiene que estar preparado para demostrar que su poder para imponer prohibiciones a la conducta de las personas, se basa en alguna disposición legal específica, esto es, su poder tiene que emanar de la Constitución, de una ley, o de algún reglamento promulgado bajo autoridad de ley."

de ley o de reglamento para hacerlo, el no firmarlo no constituye una resistencia, demora o estorbo al funcionario en el cumplimiento de las obligaciones de su cargo. Otra cosa sería si el apelante hubiese resistido o demorado o estorbado al Inspector al éste hacer la inspección o al llevar a cabo cualquier acto para lo cual está facultado por ley o reglamento.

El Secretario de Salud está facultado para hacer reglamentos para prevenir enfermedades y proteger la salud pública. 3 L.P.R.A. sec. 178. La ley dispone el procedimiento, que incluye vista pública y aprobación final por el Gobernador, para la aprobación de dichos reglamentos. 3 L.P.R.A sec. 179. Los tribunales de justicia tomarán conocimiento judicial de los mismos. 3 L.P.R.A. sec. 180. Los Inspectores y oficiales de Sanidad, por sí o por medio de sus agentes, podrán inspeccionar edificios y casas para examinar las condiciones sanitarias de los mismos de acuerdo con los términos de la ley. 3 L.P.R.A. sec. 181. El reglamento aplicable a la situación de este caso es el de "Restaurantes y Otros Sitios Donde se Expendan Comidas" que comienza en 24 R.&R.P.R. sec. 350–751. La Sec. 350–776 de dicho título 24 de R.&R.P.R., dispone lo siguiente:

"El oficial de salud visitará periódicamente y hará una inspección detallada de los restaurantes o puestos ambulantes de comestibles, llenando en cada caso los impresos de inspección provistos al efecto. El oficial de salud anotará las deficiencias sanitarias encontradas y le entregará al dueño o encargado del restaurante la primera copia del impreso de inspección como una notificación de las deficiencias a ser corregidas, concediéndole al dueño o encargado del establecimiento un número razonable de días a juicio del oficial de salud, para corregir las deficiencias anotadas."

Las violaciones al citado reglamento serán castigadas de acuerdo con las disposiciones del Art. 33 de la Ley Núm. 81 de 14 de marzo de 1912, según enmendada. 3 L.P.R.A. sec. 187; 24 R.&R.P.R. sec. 350–782. (La Ley Núm. 156 de 10 de mayo

de 1945, *Leyes*, Pág. 529, enmendó el Art. 33 de la Ley Núm. 81 de 14 de marzo de 1912.)

El récord de este caso no demuestra que hubiese acometimiento ni agresión. Probablemente el lenguaje y la conducta soez y ofensivos del apelante constituyeron una perturbación de la paz, Art. 368 Código Penal, 33 L.P.R.A. sec. 1439, pero de ninguno de esos delitos está acusado al apelante.[2] Los hechos de este caso, como dijimos, aunque pudieron haber constituido una perturbación de la paz, no constituyen una infracción al Art. 137 del Código Penal. El propósito público del Departamento de Salud no queda frustrado. Como señalamos, la ley autoriza a sus inspectores para velar por el cumplimiento de las leyes sanitarias y las violaciones a éstas y a sus reglamentos constituyen delito público.

*Se revocará la sentencia apelada.*

---

[2] Contrario a la idea que parece existir popularmente, se puede alterar la paz de un individuo con conducta ofensiva y con provocaciones. El Art. 368 del Código Penal contiene diversas modalidades. Se puede perturbar la paz de algún vecindario o solamente de un individuo. Dicha paz se puede perturbar de varias maneras. Una de éstas es mediante conducta ofensiva. Véanse el propio texto del Art. 368 y *Pueblo* v. *Ways*, 29 D.P.R. 334, 335-336 (1921) y *Ramos* v. *Tribunal de Distrito*, 73 D.P.R. 417, 419 (1952).