# 95 DTA 164

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

PUEBLO DE PUERTO RICO
Apelado

v.

JESÚS LUGO PRATTS
Apelante

Núm. KLAN-95--00483

San Juan, Puerto Rico, a 31 de mayo de 1995

Panel integrado por su presidente, Arbona Lago
y los jueces Giménez Muñoz y Salas Soler

Salas Soler, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Jesús Lugo Pratts apela la sentencia emitida el 5 de abril de 1995 por el Tribunal de Primera Instancia, Subsección de Distrito de Lares (Juez Roberto Martínez Pomales), mediante la cual se declaró culpable al apelante de infracción al delito de Alteración a la Paz, imponiéndole una multa de $150. Por los fundamentos que exponemos a continuación, procedemos a confirmar la sentencia apelada. Debido al resultado que hemos llegado no hace falta el perfeccionamiento del recurso. Tomamos como cierta la relación de hechos del apelante y estando en condiciones de resolver y así lo hacemos.

El apelante había tenido problemas con un vecino debido a un perro de su propiedad. Ante una querella del vecino al respecto el Tribunal ordenó al apelante que se deshiciera de éste. Días después de dicha orden el apelante se encontraba conversando con otro vecino cuando vio bajar a la Sra. Iraida Román Torres (la perjudicada), esposa del vecino con quien había tenido problemas, procediendo el señor Lugo a manifestarle: *"Dile a ese cabrón esposo tuyo que cuando yo estoy él se va, y que en la Corte me gana, pero al puño no"*. ■ Posteriormente el apelante se enfrascó en una riña con su vecino.

Por los hechos antes expuestos se acusó al apelante de alteración a la paz en la modalidad de *"...uso de lenguaje grosero, profano o indecoroso en presencia o al alcance del oído de mujeres o niños, en forma estrepitosa o inconveniente"*. Art. 260 del Código Penal, 33 L.P.R.A. sec. 4521.■

El apelante arguye que erró el Tribunal en su determinación al declararlo culpable sin configurarse el delito de alterar la paz según lo dispone el Código Penal. Como fundamento de ese error el apelante indica básicamente que no se configuró el delito debido a que las palabras no iban dirigidas a la perjudicada y que en todo caso lo que se alteró fue la dignidad de la señora Román, no su paz.■

Se trata de determinar si el lenguaje proferido por el acusado es castigable bajo el Artículo 260 del Código Penal, aún cuando no fuera dirigido a la persona que efectivamente lo escuchó.

El delito de alteración de la paz comprende tanto la alteración de la paz pública y la alteración de la tranquilidad de un individuo en particular. *Pueblo v. Caro González,* 110 D.P.R. 518 (1980); *Pueblo v. Arcelay Galán,* 102 D.P.R. 409 (1974).

Para configurarse el delito basta con que se haya incurrido en una de las tres modalidades de alterar la paz y que el perjudicado se encontrara tranquilo al momento de realizarse la conducta imputada. *Pueblo v. De León,* ___ D.P.R. ___ (1993), **93 J.T.S. 22.**

El apelante admitió haber proferido las palabras por las que se le acusó, pero alega que al no ir dirigidas a la señora Román Torres, sino a su esposo, ésta no se pudo haber alterado y en todo caso sí se pudo haber ofendido su dignidad. La defensa en cuanto a la dirección del lenguaje no es eximente.

El apelante señala además que la conducta exhibida por él en todo caso alteró la dignidad y no la tranquilidad de la señora Román. La situación ante nos difiere de lo señalado en

*Pueblo v. Ruiz,* 29 D.P.R. 74 (1921). El lenguaje exhibido por el apelante fue grosero y amenazador ofendiendo y alterando efectivamente la paz de la señora Román. Cabe preguntarnos como es posible que se le ofenda la dignidad a una persona sin alterarle o perturbarle su tranquilidad.

Por los fundamentos antes expuestos se confirma la sentencia recurrida.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 164**

**1.** El apelante y la perjudicada viven en el mismo edificio.

**2.** Al llegar la policía al lugar de los hechos, la única persona que demostró interés en llevar una acusación fue la señora Román Torres.

**3.** La apelante indicó en su testimonio que sabía que las palabras no iban dirigidas a ella, sino a su esposo, debido a los problemas con el perro.